QUESTIONS: 1. May the governing body of the City of Belle Isle adopt zoning legislation pursuant to Ch. 166, F.S., the Municipal Home Rule Powers Act? 2. If the answer to question 1 is in the affirmative, how does the existence of Part II of Ch. 163, F.S., affect the power of such governing body to adopt zoning legislation?
SUMMARY: Within the purview of s. 166.042(1), F.S., of the Municipal Home Rule Powers Act, the governing body of a municipality may continue to exercise the power to adopt zoning legislation previously granted by Ch. 176, F.S. 1971, subject only to the terms and conditions which that governing body chooses to prescribe; and, unless that governing body elects to proceed under the provisions of Part II of Ch. 163, F.S., the existence of those provisions, per se, does not preclude that governing body from adopting zoning legislation pursuant to s. 166.021, F.S. AS TO QUESTION 1: Section 166.021(1), F.S., of the Municipal Home Rule Powers Act (Ch. 73-129, Laws of Florida), which grants broad home rule powers to municipalities, provides in part that municipalities "may exercise any power for municipal purposes, except when expressly prohibited by law." See City of Miami Beach v. Forte Towers, Inc., No. 44,936 (Fla. Sup. Ct., October 19, 1974), which upheld the constitutionality of s. 166.021. In this regard, it is clear that the zoning of property located within the boundaries of a municipality is a proper municipal purpose. See 2 McQuillin, Municipal Corporations s. 4.112a, p. 187. Moreover, I am aware of no provision of law which expressly prohibits municipalities from adopting zoning legislation. In fact, in s.166.042(1), id., it is stated that . . . municipalities shall continue to exercise all powers heretofore conferred on municipalities by the chapters [repealed hereby], but shall hereafter exercise those powers at their own discretion, subject only to the terms and conditions which they choose to prescribe. One of the chapters repealed by the act was Ch. 176, F.S. 1971, which granted authority to the governing bodies of all municipalities in the state to adopt zoning legislation. See s. 176.02, which provided in part that . . . municipalities may regulate and restrict the height, number of stories, and size of buildings and other structures, the percentage of lot that may be occupied, the size of yards, courts, and other open spaces, the density of population, and the location and use of buildings, structures, and land, and water for trade, industry, residence or other purposes. See also s. 176.03. Thus, within the purview of the language of s. 166.042(1), F.S., quoted supra, it appears that the governing body of the City of Belle Isle may continue to exercise the power to adopt zoning legislation previously granted by Ch. 176, subject only to the terms and conditions which that governing body chooses to prescribe. Cf. AGO 074-319 in which it is stated that, pursuant to s. 166.042(1), municipalities may continue to regulate the location of the sale of intoxicating liquors previously authorized by s. 168.07, F.S. 1971, repealed by Ch. 73-129, Laws of Florida; also cf. AGO 074-274. Your first question is answered in the affirmative. AS TO QUESTION 2: Part II of Ch. 163, F.S., provides a procedure by which counties and municipalities, either jointly or individually, may prepare, adopt, and amend comprehensive plans to guide future development. To implement these comprehensive plans, counties and municipalities are authorized to adopt and enforce zoning regulations, subdivision regulations, and building, plumbing, electrical, gas, fire, safety, and sanitary codes. See ss. 163.160, 163.165, and 163.205. However, it seems clear that the provisions of Part II of Ch. 163 are optional and supplemental and that the existence of those provisions, per se, does not detract from any powers which counties and municipalities may otherwise possess. See ss. 163.160(2) and 163.165(2); see also s. 163.315(1) which provides that Any county or incorporated municipality which, prior to September 1, 1969, had the authority to engage in planning and plan implementation from whatever source derived may continue to operate under such preexisting authority until the governing body of such county or incorporated municipality shall declare this part to be effective therein. Cf. AGO 072-273. Thus, I am of the opinion that, unless the governing body of the City of Belle Isle elects to proceed under the provisions of Part II of Ch. 163, the existence of those provisions, per se, does not preclude such governing body from adopting zoning legislation pursuant to s. 166.021, F.S.